Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3131 | **DATE** | 8/1/2000 |
| **CASE TITLE** | Michele Mazzocchi vs. Al Piemonte Nissan, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. The entire Answer is stricken, with leave granted to file such an Amended answer in this Court's chambers on or before August 15, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 2000 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/1/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELE MAZZOCCHI, )
 )
              Plaintiff, )
 )
v. ) No. 00 C 3131
 )
AL PIEMONTE NISSAN, INC., )
 )
              Defendant. )

MEMORANDUM OPINION AND ORDER

Al Piemonte Nissan, Inc. ("Piemonte") has filed its Answer to the employment discrimination Complaint brought against it by its ex-employee Michele Mazzocchi ("Mazzocchi"). Because that responsive pleading discloses several departures from sound pleading practice, this Court sua sponte strikes the Answer--but with leave of course granted to file a proper Amended Answer promptly.

To begin with, Piemonte's counsel is among those who seemingly feel compelled to depart from the extraordinarily clear directive of Fed. R. Civ. P. ("Rule") 8(b) as to what must be said by a responding party that, unable to admit or to deny a claimant's allegation, wishes to get the benefit of a deemed denial. Instead of following that clear path, Answer ¶¶12, 19(a), 19(b), 19(c) and 19(d) say this:

> The Defendant is not informed of the factual allegations of paragraph --, if any, and therefore neither admits nor denies them but demands strict proof.

That locution is devoid of the several elements of the disclaimer

expressly demanded by the second sentence of Rule 8(b), in addition to which the Answer's totally meaningless demand for "strict proof" (whatever that may be) must be scrapped.

Also in terms of a useless locution that can only create confusion, Piemonte's denials of "allegations of fact, if any..." in Answer ¶¶13 and 19--the same language that also appears in the paragraphs referred to in the preceding paragraph of the opinion--must also be trashed. That formulation does nothing more than to create an impermissible ambiguity (how are Mazzocchi's counsel and this Court to know what kind of hedge the term "if any" reflects in the minds of defense counsel?).

Next Piemonte's counsel decline to answer certain of Mazzocchi's allegations as "conclusions and not well-pleaded facts" (Answer ¶¶14 and 15). But legal conclusions are a perfectly permissible pleading component under the federal courts' regime of notice pleading, something that has expressly been confirmed by the Supreme Court (see, e.g., e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992)) and hence, understandably, by our Court of Appeals (see, e.g., Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995)). Piemonte must answer rather than dodge the allegations at issue.

Finally, Piemonte's third "affirmative defense" is at odds with the basic concept embodied in Rule 8(c): that of admitting

a complaint's allegations but explaining why a defendant nonetheless escapes liability. In this instance Answer ¶22 puts the notion of constructive discharge at issue by a flat denial (and indeed goes on to assert Mazzocchi's voluntary resignation). Hence that third affirmative defense is also stricken.

Because so much of the Answer requires repair, it would be inconvenient to have to refer to the patchwork pleading that would result from amendments to the Answer, rather than the requirement of a self-contained Amended Answer. Accordingly the entire Answer is stricken, with leave granted to file such an Amended Answer in this Court's chambers on or before August 15, 2000.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: July 31, 2000

---

[1] No charge is to be made to Piemonte for the added work and expense incurred in correcting its counsel's errors. Piemonte's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

3